Alexander Del Giorno, J.
This is a motion by the claimant for permission to file a claim on behalf of the parents after the statutory period of three months from the date of the accrual of the cause of action, but before the two-year maximum period within which such claim could be filed had expired (Court of Claims Act, § 10, subds. 3, 5).
A notice of intention to file a claim was filed August 27, 1964, in which it is stated that the claim arose May 22, 1964, or 97 days before the filing.
The notice of motion herein for permission to file a claim is dated March 24, 1966, or about two years less two months after the claim accrued and is returnable April 12, 1966. If the application should be approved, March 24, or at the latest April 12, would toll the statute.
As to the infant, who is some 15 years of age, the period of time in which to file either a notice of intention to file a claim or a claim is not controlling, since her time is good until after she would reach maturity (Court of Claims Act, § 10, subd. 5). However, we are concerned here with whether the derivative action of her parents may be permitted to stand.
It may be noted here that the original notice of intention to file a claim is entitled, ‘ ‘ Bula Mae Davis, natural parent and guardian of the infant Rosalie Davis.” It says, Bula Mae Davis, “natural parent ”, etc. It does not say “ Eula Mae Davis, as the natural parent,” etc. Considering, as appears from the mass of papers herein, that her lawyer was the victim of coronary insufficiency which required his hospitalization and rest at home, and as a result someone inexperienced with the *223 practice in the Court of Claims, pretty well set Up the pléadings herein as if he were toying with some irrelevant matters, we have to drop all technicalities and consider the seriousness of the affliction the infant suffers from, blindness, and that whether the State is responsible or not, the parents, including her father who now appears in the title of the claim for the first time, will have to care for her as long as they live and, after that, probably the State if she be without resources.
The injury allegedly sustained may be a lot less financially" burdensome than the lifelong cate she will need.
If the State should be responsible, it should pay for the aftercare she will require. If we keep out the parents as claimants, the child will suffer, for their resources are meager, consisting of $75 weekly wage, and probably the State would have to undertake the care and maintenance of the infant, anyway.
Since the State was apprised in due time of the facts upon which the claim rests, it would not be prejudiced in its defense.
The claimant’s proposed claim, which was not attached to the motion papers, has been submitted at the resquest of the court, and has been attached to the original motion papers. In the proposed claim a good and sufficient cause of action is stated.
On all the papers herein, and in the interests of justice, the motion is granted.